Robert C. DOWNIE, Administrator of the Estate of Eugene G. Smith, Appellant,

v.

Mrs. Mary Ellen PRITCHARD, Wife of Charles G. Pritchard, Appellee.

No. 17012.

United States Court of Appeals Eighth Circuit.

Nov. 13, 1962.

John M. Harrison, Little Rock, Ark., for appellant, Joseph C. Kemp, City Atty., Little Rock, Ark., on the brief.

Sidney W. Provensal, Jr., New Orleans, La., for appellee and Amis Guthridge, Little Rock, Ark., on the brief.

Before VOGEL and VAN OOSTERHOUT, Circuit Judges, and VAN PELT, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by the defendant administrator from order denying his motion to dismiss complaint upon the ground that plaintiff's admitted failure to comply with the provisions of the Arkansas non-claim statutes, Ark.Stats. §§ 62–2601 et seq., compels a dismissal of the action. We granted defendant leave to take this appeal from the interlocutory order pursuant to 28 U.S.C.A. § 1292(b).

Defendant's position in the trial court and here is that the Arkansas non-claim statutes, which set forth the requirements relating to asserting claims against decedents' estates, rather than Fed.R.Civ.P. 25(a) (1) control on the matter of the substitution of the administrator for his decedent in a pending action, and that Fed.R.Civ.P. 25(a) (1), if applicable, is invalid.

The trial court in a well-considered opinion, reported at D.C. 201 F.Supp. 893, rejected such contentions. An order was entered denying the motion to dismiss. We affirm.

The trial court's opinion adequately sets out the facts, the issues and the controlling law. We shall not attempt to retread the ground so well covered by the trial court.

This is an action brought in the United States District Court asserting a cause of action based upon federal law and is not a diversity of citizenship case. The trial court clearly demonstrates in its opinion (pp. 896–97 of 201 F.Supp.)

that the "outcome determinative" test, discussed in Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, a diversity case, to the extent that it may have validity to determine whether a rule is procedural or violates substantive rights, applies only to diversity cases and has no operative effect in cases based upon federal law. The trial court correctly observes:

"The applicable test in a nondiversity action should be the criterion set out in Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 89 L. Ed. 479 (1941): 'The test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.'

"Rule 25(a) (1) is merely a formula used to facilitate the closing of a deceased's estate within a reasonable time. Surely this is a rule of procedure. See 2 Barron & Holtzoff Federal Practice and Procedure § 621 at page 416 where the author says: 'The rule is intended to be procedural. It does not provide for the survival of rights or liabilities but merely provides the method by which the original action may proceed if the right of action survives.' Rule 25(a) (1) must govern in a nondiversity case. See 45 Va.L.Rev. 75."

We likewise adopt the trial court's opinion upon the basis of the reasoning and the authorities cited in support of the conclusion that Fed.R.Civ.P. 25(a) (1) is valid. D.C. 201 F.Supp., 894–896.

Upon a prior appeal in this identical case, Pritchard v. Smith, 8 Cir., 289 F. 2d 153, we held that the present cause of action survived. As pointed out in such opinion, this action asserting federal rights was commenced against Mr. Smith in his lifetime. Smith was served with process; he filed answer on October 23, 1959; he died on March 18, 1960. On September 6, 1960, suggestion of death of Smith was filed with motion to dismiss on the ground the action did not survive. On September 13, 1960, plaintiff filed motion for substitution of Robert C. Downie as administrator of Smith's estate, showing appointment of such administrator by the Probate Court of Pulaski County, Arkansas. The trial court held the action abated and dismissed the suit. We reversed. Among other things, we stated:

"We hold that this action survived the death of the defendant Smith and that the court erred in determining that the action abated and in denying the motion for the substitution of Smith's administrator as defendant." 289 F.2d 158.

We remanded the case "with directions to reinstate the action and to substitute the administrator as defendant."

Upon the prior appeal, we decided the substantive issue relating to the survival of the cause of action which had been properly commenced against Smith in his lifetime. As we noted there, Fed. R.Civ.P. 25(a) (1) prescribes the procedure for effecting a substitution. The rule provides: "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. * * *"

Plaintiff's motion for substitution of administrator, filed September 13, 1960, was filed within six months of Smith's death and fully conformed to the provisions of Rule 25(a).

On October 25, 1961, the trial court, after receiving our mandate, entered the following order:

"In accordance with the Mandate of the Eighth Circuit Court of Appeals, this cause is reinstated, and Robert C. Downie, Administrator of the Estate of Eugene G. Smith, is substituted as defendant."

Thereafter, on November 9, 1961, the motion to dismiss now under considera-

tion, based upon the Arkansas non-claim statutes, was filed.

While we believe that the reasons assigned by the trial court in its opinion, as hereinabove discussed, fully support its action in denying defendant's motion to dismiss, we feel compelled to note an additional basis for an affirmance not urged by the parties.

"It is the settled law of this court, as of others, that whatever has been decided on one appeal or writ of error cannot be reëxamined on a second appeal or writ of error brought in the same suit. The first decision has become the settled law of the case." Thompson v. Maxwell Land Grant & Ry. Co., 168 U.S. 451, 456, 18 S.Ct. 121, 42 L.Ed. 539; Chicago, St. P., M. & O. Ry. Co. v. Kulp, 8 Cir., 102 F.2d 352, 354; Pyramid Life Ins. Co. v. Curry, 8 Cir., 291 F.2d 411, 414. See Gunn v. United States, 8 Cir., 283 F.2d 358; 5B C.J.S. Appeal & Error § 1821.

The order entered by the district court directing the substitution was strictly in accord with our mandate. The trial court had no choice except to enter the order that it did. Our prior decision conclusively settles the issue of plaintiff's right to have the substitution made.

Our decision is limited to a holding that the substitution was properly ordered and accomplished under Fed.R.Civ. P. 25. Nothing herein should be construed as an expression of opinion as to the merits of plaintiff's cause of action.

The question of what right plaintiff might acquire, if any, to share in the assets of Smith's estate by virtue of a favorable judgment against his administrator in this case is not here directly in issue and therefore is not decided. The estate is being administered in the Arkansas Probate Court, and such question need not be determined until it is presented to that court, when and if a claim is asserted against the assets of the estate. See Pufahl v. Estate of Parks, 299 U.S. 217, 226, 57 S.Ct. 151, 81 L.Ed. 133; Feinsinger v. Bard, 7 Cir., 195 F.2d 45, 48. See also Markham v.

Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256; Brooks v. National Bank of Topeka, 8 Cir., 251 F.2d 37, 42, 44.

Plaintiff asserts in her complaint that liability may exist under an official bond posted by Smith as chief of police. While the possibility of recovery on such bond is recognized, that issue is likewise not reached or decided. Compare Brooks v. National Bank of Topeka, supra, at 43 (liability insurance).

The order appealed from is affirmed.