**44**

James Perry LAMB et al., for himself
and others, Plaintiffs,

v.

UNITED SECURITY LIFE COMPANY, a
corporation, et al., Defendants.

Civ. No. 10–295–C–2.

United States District Court,
S. D. Iowa, C. D.

Jan. 26, 1973.

See also, D.C., 59 F.R.D. 25.

David L. Brodsky, Albert L. Harvey, Stewart, Garrett, Heartney, Jones & Brodsky, Des Moines, Iowa, Mervin Cherner, Joseph S. Mead, Mead & Gladden, Birmingham, Ala., for plaintiffs.

James A. Lorentzen, Des Moines, Iowa Richard E. Nolan, Davis, Polk & Wardwell, New York City, for defendant, Smith Barney & Co.

J. Asa Rountree, Marc I. Stern, Debevoise, Plimpton, Lyons & Gates, New York City, A. Arthur Davis, John H. Heen, C. Carleton Frederici, Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, Iowa, for defendants Wheelabrator-Frye, Inc. (Equity Corp.), Peyton H. Houston, Jakob Isbrandtsen and Albert E. Rising.

Kent M. Forney, John C. Cortesio, Jr., Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, Iowa, for defendants General United Group, Inc., United Security Life Co., General United Life Ins. Co., Verlin Chapman, Lyman B. Hughes, Robert E. Igleheart, David Noble, Jack Schroeder and Raymond Smith.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is another attempt by the Court to calm troubled waters in this lawsuit. Many motions are presently under submission to the Court in this suit, supported by a stack of briefs and documents 3 feet high. The Court will not delineate them all at this point. The Court, however, will attempt to deal with

them all in a systematic manner, with the fervent hope that it will emerge at the top when all is said and done.

## I.

At the outset, the Court will deal with a motion for summary judgment submitted by defendants, The Equity Corporation, Houston, Isbrandtsen and Rising. From the record, it appears that all other defendants have joined in this motion. The defendants contend (1) that all named plaintiffs are barred from bringing this action because of the statute of limitations and (2) that, accordingly, the Court should revoke its May 22, 1972 Order declaring this action to be a class action. The defendants further have sought an order staying the mailing of notice of this suit to the class pending determination of the motion for summary judgment; at the hearing held on this motion, the stay was granted pending this ruling.

Essentially, the defendants contend that all named plaintiffs are persons who are closely connected with each other and who, more than one year prior to the commencement of this action, knew or are chargeable with knowledge of sufficient facts to apprise them of the existence of the causes of action they allege in this lawsuit. The defendants contend that the named plaintiffs, over a considerable period of time which took place more than one year before this suit was instituted, made demands and threats of litigation with respect to the transactions of which they now complain.

In their Complaint, plaintiffs allege causes of action under Section 10(b) of the Securities Exchange Act of 1934, Rule 10b–5 of the Securities and Exchange Commission, and Section 17(a) of the Investment Company Act of 1940. The events of which plaintiffs complain occurred in the late months of 1968.

Plaintiffs filed this action on February 10, 1971, in the United States District Court for the Northern District of Alabama. The action was subsequently removed to this Court.

Neither Section 10(b) of the 1934 Act nor Section 17(a) of the 1940 Act contains a statute of limitations. Where a right of action for damages is created by a federal statute, but there is no built-in federal statute of limitations, the federal court is required to apply the state statute of limitations applicable to like actions arising under state law. International Union, U. A. W. v. Hoosier Corp., 383 U.S. 696, 703–705, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Campbell v. City of Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895); Vanderboom v. Sexton, 422 F.2d 1233, 1237 (8th Cir. 1970), cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). In the instant action, the statute of limitations to be applied is that of Alabama, the original forum of this action. The change of venue to Iowa does not cause Iowa's statute to be applicable. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967). The applicable statute of limitations is the one-year statute found in Alabama Code, Title 7, Section 26. Bailes v. Colonial Press, Inc., 444 F.2d 1241 (5th Cir. 1971); Hooper v. Mountain States Securities Corp., 282 F.2d 195, 205 (5th Cir. 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961). Section 26 provides:

> "The following must be commenced within one year: . . . Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated."

Of course, if this Alabama statute was considered on its face, all plaintiffs would be barred by the statute of limitations, since the Complaint was filed more than one year after the events complained of. Plaintiffs correctly contend, however, that the statute tolls in actions for fraud until the aggrieved parties discover or should have discovered

tne wrongdoing. There appears to be some controversy over whether the Alabama or the federal tolling doctrine applies. As defendants correctly demonstrate in their brief, from a practical standpoint, it makes little if any difference whether federal or Alabama law applies. The Court is of the opinion, however, that the federal tolling doctrine is applicable in this case. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Vanderboom v. Sexton, 422 F.2d 1233, 1240 (8th Cir. 1970), cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). Thus, in actions for fraud, such as this instant action under Section 10 of the 1934 Act and Rule 10b–5, the statute of limitations runs "only from the date of the discovery of the fraud or from the date the fraud upon reasonable inquiry should have been discovered." *Vanderboom, supra,* 422 F. 2d at 1240.

■■ The Court maintains its opinion that the statute of limitations is an affirmative defense under Rule 8(c) and is normally a question for the jury. Nothing defendants have submitted to the Court in their brief convinces the Court to the contrary.

■ Plaintiffs contend that the defendants were fiduciaries to the plaintiffs and their class. At some point in the future, this proposition may be proved by the evidence, but for now the Court does not wish to speculate on this. Concededly, the plaintiffs would have a lesser duty of inquiry if they could show that the defendants had the duties of a fiduciary toward them. Amen v. Black, 234 F.2d 12 (10th Cir. 1956). The Court need not develop this point now, however, in order to reach a decision on defendants' motion.

■ Summary judgment under Rule 56 is to be used only in cases where there is no genuine issue of material fact. *Vanderboom, supra,* 422 F.2d at 1241; Chambers v. United States, 357 F.2d 224 (8th Cir. 1966). The voluminous documentation marshalled by each side speaks for itself. Here the facts are highly disputed—there is a fact question over whether the defendants or any of them were fiduciaries to the plaintiffs, and there is a fact question over whether any of the plaintiffs had the requisite knowledge of the underlying facts one year prior to commencement of this lawsuit. In the Court's opinion, the closest question generated by defendants' evidence is whether Mr. Mead had notice of the alleged fraud, but even with respect to Mr. Mead, there is a fact question in the Court's opinion.

■ Plaintiffs cite to the Court Esplin v. Hirschi, 402 F.2d 94, 103 (10th Cir. 1968), cert. denied, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969), for the proposition that the federal tolling doctrine is also applicable to actions brought under Section 17(a) of the Investment Company Act of 1940. The Court finds *Esplin* to be convincing authority for the proposition. The Court finds that a fact question has been generated on the statute of limitations issue with respect to the cause of action under the 1940 Act. Summary judgment is not appropriate.

■ Since none of the plaintiffs are barred, for purposes of this ruling, by the statute of limitations from prosecuting this action, it follows that defendants' argument that the class action must fail because of the lack of representative plaintiffs is not well taken. The Court, furthermore, reaffirms its previous opinion that the question of statute of limitations with respect to each member of the class is not so pervasive so as to predominate over any questions common to the class. Defendants have failed to submit any evidence that any members of the class other than the named plaintiffs knew anything at all about any alleged fraud or illegal merger. Defendants' motion for summary judgment should be denied in its entirety.

## II.

Defendants have recently submitted a motion for protective order vacating notice of depositions. In light of this Court's ruling on the motion for summary judgment, the motion for protective order should be denied, as it was predicated upon defendants' hopes for success on the motion for summary judgment.

## III.

■ The Court notes that plaintiffs have moved for substitution of party. On November 16, 1972, attorneys of defendant Lyman B. Hughes filed a suggestion of death of their client. On December 21, 1972, plaintiffs filed their instant motion requesting that the Court order Mary Patricia Hughes, Executor of the Estate of Lyman B. Hughes, be substituted for and in place of Lyman B. Hughes, deceased. Attorney for Mr. Hughes resist the motion on grounds that the motion was filed more than six months after Mr. Hughes' death and more than six months after the second notice to creditors had been p. ʰlished with respect to the probating of Mr. Hughes' estate. Hence, counsel claims that any claims against the executor are barred because of Iowa Code, Sections 633.410 and 633.412. Counsel for the plaintiffs has brought to the Court's attention the case of Downie v. Pritchard, 309 F.2d 634 (8th Cir. 1962), in which the Eighth Circuit has held that Federal Rule of Civil Procedure 25(a), setting time limit for substitution of parties after death, controls over an inconsistent state statute relating to claims against decedent's estates. The *Pritchard* case, like the instant one, was an action based on federal substantive law. The *Pritchard* case is squarely on point with the instant situation. Plaintiffs fully complied with Rule 25(a); accordingly, their motion for substitution must be granted.

## IV.

By opinion and order filed May 22, 1972, this Court determined pursuant to Rule 23(c), F.R.C.P., that this action is to be maintained as a class action for plaintiffs and all other persons other than defendants who owned common stock of Guaranty on October 2, 1968. The Order directed the plaintiffs to submit a proposed notice and directed that the notice include a provision warning members of the class that those members of the class who do not request exclusion might be held liable for their proportionate share of court costs if the action brought by plaintiffs should be unsuccessful. Plaintiffs have moved for reconsideration of that part of the order.

■ After further consideration, the Court has concluded that members of the class other than plaintiffs, who do not request exclusion, are not parties and would not be liable for costs even though otherwise bound by the judgment, whether favorable or unfavorable. The conclusion that members of the class do not become "parties" appears implicit from Rule 23(a)(1), which provides that a class action may be maintained only when "the class is so numerous that joinder of all members is impracticable."

As further indication that Rule 23 does contemplate that absent class members are not "parties," reference is made to the provisions of Rule 23(d)(2), F.R.C.P., which specifically provides that the court may notify class members that they have the option to "appear" in the case as parties through counsel of their own selection. If class members were automatically deemed parties, all class actions would be converted into massive joinders. Such a result would emasculate Rule 23. Fischer v. Wolfinbarger, 55 F.R.D. 129 (W.D.Ky.1971); Wainwright v. Craftco Corp., 54 F.R.D. 532 (N.D.Ga.1972).

Upon reconsideration, this Court is of the opinion that members of the class who do not opt out and do not appear

especially by counsel of their own selection are not "parties" to the action. Accordingly, they would not be liable for any costs or expenses assessed against the representative parties plaintiff.

 Accordingly, the Court will order that the Notice to the class contain a provision so informing all members of the class. The Notice shall also advise all members of the class that if any recovery should be effected for the class, the Court may allow from such recovery reimbursement of plaintiffs' expenses and counsel fees, under the equitable principles discussed by the U. S. Supreme Court in Trustees v. Greenough, 105 U. S. 527, 26 L.Ed. 1157 (1882); Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); Central R. R. & Banking Co. v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885).

## V.

This Court has previously held in abeyance the sending of notice to members of the class. This was done at the request of the defendants, predicated upon the possibility that their motion for summary judgment would be good. In this ruling, the Court has determined that summary judgment should be denied. The notice to the class will now issue promptly.

Accordingly, it is ordered that the motions for summary judgment by the defendants, each of them and collectively, be and they are hereby overruled and denied in each and every particular.

It is further ordered that the motion for protective order by the defendants be and it is hereby overruled.

It is further ordered that the motion for substitution by plaintiffs be and it is hereby sustained.

It is further ordered that the Memorandum and Order filed May 22, 1972, by this Court be and it is hereby modified in these particulars: The notice to the class shall advise all members of the class that if any recovery should be affected for the class, the Court may allow from such recovery reimbursement of plaintiffs' expenses and counsel fees, but that members of the class shall not be liable for any costs and expenses assessed against the representative parties plaintiff, should there be a verdict for the defendants in this cause.

It is further ordered that the stay of sending of notice to members of the class previously granted by this Court pending this ruling be and it is hereby dissolved and notice to the class shall issue forthwith.