### In re SOUTHERN INDUSTRIAL BANK-ING CORPORATION, Debtor.

### Thomas E. DuVOISIN, Liquidating Trustee, Plaintiff,

### v.

### John E. COKER, as Administrator for the Estate of John Carter Daniels, Deceased, Defendant.

Bankruptcy No. 3–83–00372.
Adv. No. 85–0448.

United States Bankruptcy Court,
E.D. Tennessee.

March 25, 1991.

See also 126 B.R. 517.

J. Thomas Jones, Knoxville, Tenn., for plaintiff.

Anthony M. Avery, Knoxville, Tenn., for defendant.

## MEMORANDUM

JOHN C. COOK, Bankruptcy Judge.

This is an action in which the trustee obtained a judgment against John Carter Daniels resulting from a preferential transfer made to Daniels by Southern Industrial Banking Corporation (SIBC) within ninety days of SIBC's bankruptcy filing. While the case was on appeal to the district court, John Carter Daniels died and the defendant, John E. Coker, the administrator of Daniels' estate, was substituted as party defendant by a district court order of substitution entered on June 8, 1990, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.[1] Subsequently, the case was remanded to this court to consider the defendant's claim made pursuant to Federal Rule of Procedure 60(b) that the judgment should be set aside because of newly-discovered evidence.

Following remand, the defendant filed a motion to dismiss for lack of subject matter jurisdiction. The defendant argues the court lacks subject matter jurisdiction to proceed with this action because the plaintiff failed to comply with Tennessee's revivor statute, § 30-2-320 of the Tennessee Code Annotated, by failing to file a copy of the order of substitution with the clerk of the probate court administering Daniels' estate within the time allowed by the statute.[2]

■ Although § 30-2-320 may govern the procedures for reviving an action under state law, the court is of the opinion that the statute is not a jurisdictional bar to the continuation of this federal lawsuit.

■ Under Tennessee law, there are two procedural requirements for reviving a pending action against a decedent's estate. First, an order of substitution must enter in the pending state action substituting the administrator of the decedent's estate for the decedent in compliance with Rule 25 of the Tennessee Rules of Civil Procedure. Second, the order of substitution must be filed with the clerk of the court in which the estate of the decedent is being administered in compliance with Tennessee Code Annotated § 30-2-320. *Mid-South Pavers*

1. Rule 25(a)(1) of the Federal Rules of Civil Procedure reads as follows:

    (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

2. Tennessee Code Annotated § 30-2-320 reads as follows:

    **Pending actions considered legally filed demands—Manner of revival.—**All actions

pending against any person at the time of his death, which by law may survive against the personal representative, shall be considered demands legally filed against such estate at the time of the filing with the clerk of the court in which the estate is being administered of a copy in duplicate of a copy of the order or revivor, one (1) of which copies shall be certified or attested, a notation of which shall be entered by the clerk in the record of claims, as in the case of other claims filed. Pending actions not so revived against the personal representative within the period prescribed in § 30-2-307(a) shall abate.

Tenn.Code Ann. § 30-2-320 (Supp.1990).

The time period referred to in § 30-2-320 and which is prescribed in § 30-2-307(a) of the Tennessee Code Annotated is six months from the date of the first publication of notice to creditors. *See* Tenn.Code Ann. § 30-2-307(a) (1984). The defendant asserts that the notice to creditors for the estate of John Carter Daniels was first published on June 11, 1990, and thereby established a deadline of December 11, 1990, for purposes of § 30-2-320.

*v. Arnco Constr.*, 771 S.W.2d 420 (Tenn.Ct. App.1989).[3]

■ Under federal law, if a right of action survives the death of a party, the court may order the substitution of the proper parties under Rule 25(a) of the Federal Rules of Civil Procedure and the action may continue.[4] There is no procedural requirement under the federal rules that the order of substitution must be filed with the state probate court. Whether the state court will subsequently honor a federal judgment obtained without full compliance with the procedures set forth in a state revivor statute is an issue this court need not decide. *See Ransom v. Brennan,* 437 F.2d 513 (5th Cir.), *cert. denied,* 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971); *Downie v. Pritchard,* 309 F.2d 634 (8th Cir.1962); *Continental Assurance Co. v. American Bankshares Corp.,* 483 F.Supp. 175 (E.D.Wis.1980).

In *Continental Assurance Company,* the defendant died and the plaintiff moved to substitute the co-personal representatives of the defendant's estate pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. The representatives opposed the motion arguing both that the plaintiff's claims did not survive the defendant's death and that even if the claims survived the defendant's death, substitution was not proper because the claims had not been perfected in accordance with Florida law. The court ultimately found that the claims survived the defendant's death. In disposing of the second argument raised by the representatives, the court stated as follows:

> Under Florida law, a claim was filed against the estate, but the representatives objected to the claim. The representatives argue that in order to perfect its claim against the estate, plaintiff had to file an independent action. Fla.Stat. § 733.705(3) (1977); *Estate of Pridgeon,* 349 So.2d 741 (Fla.App.1977). *See Estate of Fornash,* 372 So.2d 128 (Fla.App.

1979). While Florida may not honor the judgment because the requirements of section 733.705(3) were not met, the law simply is unclear as to whether a court in passing on a motion under rule 25(a)(1) should take this factor into consideration. 7A Wright & Miller, Federal Practice & Procedure § 1952 at 649 (1972). Two courts have held that the question of whether a judgment will be honored need not be reached by the district court on a rule 25 motion, but instead by the probate court when the judgment is presented. *Ransom v. Brennan,* 437 F.2d 513 (5th Cir.1971); *Downie v. Pritchard,* 309 F.2d 634 (1962).

> Notwithstanding the representatives' reliance on Florida estate law, this Court need not decide the question of whether the Florida probate court will or will not honor a judgment obtained in this litigation. Wright and Miller in their treatise suggest that substitution is proper even though the claim against the estate is not adequately perfected. 7A Wright & Miller, § 1952 at 649. This suggestion appears reasonable. Whether a judgment is collectible is not a question with which this Court on a rule 25(a) motion should concern itself.

483 F.Supp. at 176–77.

To a certain extent, the procedures for substituting and pursuing a representative party in a lawsuit following a defendant's death are similar in both the federal and Tennessee courts since Rule 25 of the Tennessee Rules of Civil Procedure providing for the substitution of parties is patterned after Rule 25 of the federal rules. State law requires, however, the additional procedural step of filing the order of substitution in the probate court administering the decedent's estate within the time specified by § 30–2–320. This procedural requirement, which is over and above that required by federal law, is not a requirement that must be met by the plaintiff before

---

**3.** The "order of revivor" mentioned in § 30–2–320 has been construed to mean an order of substitution under Tenn.R.Civ.P. 25. *Mid–South Pavers v. Arnco Constr.,* 771 S.W.2d 420, 423 (Tenn.Ct.App.1989).

**4.** There has been no suggestion in this case that the plaintiff's right of action did not survive the original defendant's death.

this federal lawsuit can proceed. So long as the federal procedural rule relating to substitution of parties has been complied with, the plaintiff may proceed with this action. *See Downie v. Pritchard,* 309 F.2d 634; *Asklar v. Honeywell, Inc.,* 95 F.R.D. 419 (D.Conn.1982); *Boggs v. Blue Diamond Coal Co.,* 497 F.Supp. 1105 (E.D.Ky. 1980); *Continental Assurance Co. v. American Bankshares Corp.,* 483 F.Supp. 175; *Lamb v. United Sec. Life Co.,* 59 F.R.D. 44 (S.D.Iowa 1973); 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1952 (2 ed. 1986).

Because a failure on the part of the plaintiff to comply with Tennessee Code Annotated § 30–2–320 would not deprive this court of subject matter jurisdiction in this case, the defendant's motion to dismiss must be denied.[5]

An order shall enter in accordance with this memorandum.

---

5. The plaintiff argues that § 30–2–320 by its terms would not apply to the facts in this case. According to the plaintiff, § 30–2–320 applies only to "pending actions" and not to actions in which a judgment has been obtained and the case is pending in a post-judgment stage. In light of the court's disposition of the issue presented by defendant's motion, the court need not comment on the construction of § 30–2–320 urged by the plaintiff.