Catherine M. SMITH, Plaintiff,

v.

MCI TELECOMMUNICATIONS CORPORATION, Defendant.

Civ. A. No. 87–2110–0.

United States District Court, D. Kansas.

April 30, 1991.

Robert P. Numrich, Martha Madden Weast, Evans & Dixon, Steven G. Piland, William G. Beck, Field, Gentry, Banjamin & Robertson, P.C., Kansas City, Mo., for plaintiff.

Roger D. Stanton, Mark D. Hinderks, Stinson, Mag & Fizzell, Overland Park, Kan., Robert L. Driscoll, Christopher F. Pickering, Stinson, Mag & Fizzell, Kansas City, Mo., Marianne Geeker, MCI Telecommunications, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

### EARL E. O'CONNOR, Chief Judge.

Plaintiff filed this action alleging her former employer, MCI Communications Corporation (MCI), defrauded its salespersons by failing to pay proper commissions pursuant to written compensation plans. Subsequently, the court granted Smith's motion to certify a class as to several counts of her complaint. Presently before the court is plaintiff's "Motion and Memorandum in Support of Additional Notice or Communication with Persons Requesting Exclusion from the Class." For the following reasons, the court denies plaintiff's motion.

After both parties submitted suggestions in response to the court's proposed notice of class action, this court issued a Notice of Pendency of Class Action (Notice) on January 24, 1991, which was mailed to 96 class members on January 30, 1991. The Notice included the information that the court had already ruled that MCI was liable under the Kansas Wage Payment Act to certain members of the class. An additional notice was sent to one class member on February 19, 1991. Plaintiff has since been able to verify that 89 persons have received notice of the class action. Pursuant to the Notice, class members were given until March 11, 1991, to request exclusion from the class. As of March 15, 1991, 37 of the 89 class members had filed such requests.

During the pendency of the opt-out period, plaintiff's counsel received four inquiries from class members concerning their responsibility for attorneys' fees in the event that judgment was ultimately entered for MCI. Pursuant to the court's order of December 10, 1990, and prior agreement among counsel, plaintiff's counsel informed these potential class members that counsel was precluded from communicating with class members during the opt-out period. All four of these class members subsequently filed Requests for Exclusion from the class.

On the basis of these four calls, plaintiff now contends that "there exists a reasonable belief that class members may have requested exclusion from the class based on incomplete facts or erroneous assumptions regarding their responsibility concerning attorney's fees and costs."[1] Plaintiff argues further that, in light of the court's ruling on the Kansas Wage Payment Act claim (Count III), the decision of 27 class members not currently employed by MCI to opt out of the class is further evidence of "a widespread lack of understanding

1. Generally, absent class members have no responsibility for litigation costs or attorney's fees except "when they elect to accept the benefit of the litigation." *Wright v. Schock,* 742 F.2d 541, 545 (9th Cir.1984), citing *Lamb v. United Security Life Co.,* 59 F.R.D. 44, 48–49 (S.D.Iowa 1973); 2 *Newberg on Class Actions* § 2780 (1977).

about [the class members'] rights."[2] Plaintiff urges the court to allow an additional notice to be sent to all 37 class members who requested exclusion from the class to "clarify" the issue of attorneys' fees and allow these class members the opportunity to revoke their requests for exclusion. In the alternative, plaintiffs seeks to reopen communication with these class members by mailing a questionnaire concerning their election to opt out of the class.[3]

MCI counters that plaintiff should not be permitted to challenge the adequacy of the class notice at this time, since the provision concerning attorneys' fees was drafted and approved by plaintiff.[4] Furthermore, MCI argues that the four inquiries regarding attorneys' fees provide no basis for reopening communication with all 37 class members who requested exclusion.

We agree with MCI that neither the four inquiries concerning class members' responsibility for attorneys' fees nor the requests for exclusion from a number of class members entitled to recover under Count III indicates sufficiently pervasive concern or confusion among class members to justify reopening communication with the class. Moreover, the court has not found and plaintiff has not cited any au-

thority to support the reopening of communication with the class at this stage of the litigation under these circumstances.

Here, both parties were afforded ample opportunity to review the court's proposed class notice and submit suggested modifications. After the court incorporated many of the proposed changes, the Notice was approved by both plaintiff and defendant. Although the number of requests for exclusion may have been higher than plaintiff expected, this result is equally if not more as consistent with the exercise of independent judgment by each class member as with plaintiff's theory of widespread confusion and misunderstanding among class members. Under these circumstances, and because of the prejudice to MCI which could occur from a reopening of communication with the class at this stage, the court denies plaintiff's motion.

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. # 427) is denied.

---

2. Of the 37 class members who requested exclusion, 10 remain MCI employees and are not entitled to recover under Count III.

3. The questionnaire seeks information on whether the court's original notice provided enough information about attorneys' fees and whether the attorney fee issue was a factor in the class member's decision to opt out.

4. The provision of the court's notice regarding attorney fees states:

You will be entitled to share in the benefits of any judgment favorable to the class or any settlement of the claims, after deduction of attorney's fees and costs, but you will also be bound by any judgment favorable to MCI.

This is a verbatim quote from the class notice proposed by plaintiff which plaintiff stated "properly advises class members that attorneys' fees and costs will be deducted from any benefits of a judgment or settlement that may be obtained. This sufficiently informs class members of the expenses associated with joining the class action." (Plaintiff's memorandum in support, Doc. No. 389, pp. 4–5).

The court notes further that the wording of the court's Notice regarding the court's ruling in favor of plaintiffs on the Kansas Wage Payment Act claim is also substantially identical to the language suggested by both parties.