Jessie L. MORRISON, et al.,
Plaintiffs-Appellants,

v.

Linwood BOOTH, et al.,
Defendants-Appellees.

No. 82–7285.

United States Court of Appeals,
Eleventh Circuit.

April 23, 1984.

---

Vanzetta P. Durant, Montgomery, Ala., Brent E. Simmons, Washington, D.C., for plaintiffs-appellants.

Thomas R. Christian, Montgomery, Ala., William J. Samford, III, Opelika, Ala., for defendants-appellees.

Before GODBOLD, Chief Judge, RONEY and SMITH *, Circuit Judges.

GODBOLD, Chief Judge:

We must decide the propriety of the trial court's striking the class claims in this case without conducting a hearing on class certification.

For reasons that appear below, the events of the case are not crystal clear, and we have pieced them together as best we can.

Plaintiffs brought this class action in January 1978 in N.D. Alabama alleging discriminatory promotion practices at the Alabama Department of Youth Services. Plaintiffs sought to represent a class of all black persons employed during the limitations period at Roebuck, a campus that operates a training school for rehabilitation of delinquent youth, or C.I.T.Y., a day-treatment program administered by Roebuck in Birmingham.

On June 8, 1979 the court ordered an evidentiary hearing on class certification to be held September 20, 1979. This hearing was not held. Two later attempts to hold this hearing were unsuccessful. On December 5, 1979 the court ordered that all rule 23 evidence be presented at trial on the merits.

The case was transferred to a second judge, who took a different approach than the December 1979 order and scheduled a certification hearing for August 26, 1980. This hearing also was not held. On October 28, 1980 the court took still another approach and ordered plaintiffs to file a

motion for class certification within 60 days or face denial of class certification. Plaintiffs filed no such motion. On January 6, 1981 the district court, on motion of the defendants, struck the class allegations.

New counsel for plaintiffs appeared at a February 5, 1981 hearing on defendants' motion to dismiss the case and urged that plaintiffs had "effectively" been without legal counsel during the 60 days that the judge had given the plaintiffs to file for class certification. Plaintiffs' first two counsel had been appointed to the federal and state bench respectively. For a brief period of time plaintiffs were represented by a third counsel, with whom they were dissatisfied from the start. This third counsel represented plaintiffs at the hearing of October 28, 1980, when the court ordered plaintiffs to file the motion for class certification within 60 days. At this October 28 hearing the trial court permitted third counsel to withdraw from the case. Therefore, during the 60 days allotted for the motion plaintiffs were without their third counsel and in the process of hiring their fourth. This fourth counsel, after explaining the foregoing to the judge on February 5, asked him to reconsider his denial of class certification. The court declined. Plaintiffs proceeded to trial on the individual claims, which resulted in judgment for the defendants. Plaintiffs appealed both the denial of class certification and the denial of individual relief.

■ The difficulty with what occurred in this unusual situation of shifting representation (and absence of representation) is that the class action was removed from the case for failure by plaintiffs, or their counsel, to file a motion without regard to the trial court's independent responsibility as manager of the case. Our precedent requires the court to conduct an evidentiary hearing on class certification when there is any doubt about the issue, even when counsel fails to move for such a hearing. *See Satterwhite v. City of Greenville,* 578 F.2d 987, 993 n. 7 (5th Cir.1978) (en banc), *vacat-*

* Honorable Edward S. Smith, U.S. Circuit Judge

for the Federal Circuit, sitting by designation.

*ed on other grounds,* 445 U.S. 940, 100 S.Ct. 1334, 63 L.Ed.2d 773 (1980). In so holding we recognized the special and important role of the trial court as manager of the class action, a responsibility not raised by individual civil litigation. *See id.* at 998; *Huff v. N.D. Cass Co.,* 485 F.2d 710, 713 (5th Cir.1973) (en banc) (recognizing special role of the trial court in a Title VII class action). The court's role is especially significant when, as here, it knows that the putative class has lost its counsel. We hold that the district court should not have dismissed the class claims without a hearing on class certification.

■ If clear grounds existed for denial of class certification, we would not need to remand for an evidentiary hearing. *See McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 559–60 (5th Cir.1981) (Unit A). The trial court here, however, did not base its denial on failure to meet rule 23's requirements, and the record does not tell us that rule 23's requirements were not met.

We therefore reverse the judgment of the district court insofar as it denies class certification and remand for determination of whether class action is appropriate and, if it is, for further proceedings to determine the class claims. Upon entry of a new judgment on the class claims, the district court shall certify to this court a supplemental record. We retain jurisdiction over the remainder of the case pending the further proceedings in the district court.

REVERSED and REMANDED in part; jurisdiction retained in part.

EDWARD S. SMITH, Circuit Judge, dissenting:

I respectfully dissent from the majority's opinion today and would affirm the trial court's denial of class certification. As the majority points out, this court's precedent requires the trial court to fulfill its special and important responsibility as manager of a title VII class action. In my view, however, the court met that responsibility.

Three years elapsed between the filing of this complaint, styled as a class action, and the trial court's striking of the class allegation. During that time the first judge presiding over the case attempted three times to hold a hearing on class certification. No doubt exasperated, he then ordered in December 1979 that all class action evidence would be presented at trial on the merits. The second presiding judge again attempted to schedule a certification hearing, in accordance with the requirement of Fed.R. Civ.P. 23(c)(1) to determine "[a]s soon as practicable" whether a class action should be maintained. The first such scheduled hearing, which was actually the fourth, counting preceding attempts, was not held. The judge then gave plaintiffs 60 days (from October 28, 1980) to file a motion for class certification, and they did not respond. Faced with such lack of responsiveness on plaintiffs' part—even considering their numerous changes of counsel—I do not know what more the trial court could have done to exercise responsibility for managing of a title VII class action, short of sending federal marshals out to haul plaintiffs and/or their counsel into court. I would therefore find that the trial court did not abuse its discretion in striking the class claims.