Stephen A. BARTEK, Philip W. Hill, Ed Paquette, Anna Von Reitz, Franchesca M. Cogdill, Bert Kleinenberg, and Marlon R. Williams, Appellants/Cross–Appellees,

v.

STATE of Alaska, DEPARTMENT OF NATURAL RESOURCES, DIVISION OF FORESTRY, Appellee/Cross–Appellant.

Nos. S–9084, S–9263.

Supreme Court of Alaska.

Sept. 21, 2001.

Peter Gruenstein and Daniel Hickey, Gruenstein & Hickey, Anchorage, and John H. Hinderaker and Gerard M. Nolting, Faegre & Benson, LLP, Minneapolis, MN, for Appellants and Cross–Appellees.

William F. Morse, Robert A.K. Doehl, and Gary M. Guarino, Assistant Attorneys General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, and Donna M. Meyers and Megan R. Ludwig, Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., Anchorage, for Appellee and Cross–Appellant.

Before FABE, Chief Justice, MATTHEWS, and CARPENETI, Justices.

### OPINION

FABE, Chief Justice.

## I. *INTRODUCTION*

In June 1996 the Miller's Reach Fire burned over 37,000 acres in the Matanus-

ka/Susitna Valley. The State, Department of Natural Resources, Division of Forestry responded to the initial fire and took control of firefighting operations from the local fire departments on the scene. A group of landowners who suffered damage to their homes and property brought suit, claiming that the State's firefighting activities were negligently conducted. The superior court certified a plaintiff class. Two motions to dismiss were filed—one based on an alleged lack of a duty of care, the other based on discretionary function immunity under AS 09.50.250. The superior court denied the first motion and granted the second. The plaintiffs appeal these decisions. The State cross-appeals on both its first motion to dismiss and the certification of the class.

## II. *FACTS AND PROCEEDINGS*

This appeal is closely related to the proceedings in *Angnabooguk v. State, Department of Natural Resources, Division of Forestry,* and our opinion in *Angnabooguk* resolves most of the issues in this appeal.[1]

The relevant facts are identical to those that were considered in *Angnabooguk.*[2] Both appeals concern the Miller's Reach Fire that burned from June 2 through June 15, 1996 in the Matanuska/Susitna Valley.

Two suits were brought in superior court by different groups of landowner plaintiffs, alleging negligence on the part of the State, Department of Natural Resources, Division of Forestry (Forestry): the case at bar, *Bartek,* before Superior Court Judge Beverly W. Cutler, and *Angnabooguk,* before Superior Court Judge John Reese. Plaintiffs filed this action on March 24, 1998. On November 5, 1998, the action was converted into a class action when Judge Cutler certified a plaintiff class. The certified class is apparently large enough to contain all of the plaintiffs in *Angnabooguk.* The class was defined as:

All owners of real and/or personal property who have suffered tangible property damage and other legally compensable losses as a result of the Miller's Reach fire.

Two motions to dismiss were filed by Forestry—the first on the basis of an alleged lack of a duty of care, the second on the basis that discretionary function immunity under AS 09.50.250 barred the suit. The superior court denied the first motion, but granted the second. Judge Cutler issued an oral ruling explaining her decision on February 9, 1999.

A few months later, in the parallel *Angnabooguk* action, Forestry moved to dismiss in that action under three different theories—the applicable statute of limitations, lack of a duty of care, and immunity under the Alaska Tort Claims Act, AS 09.50.250. Judge Reese dismissed the case under the immunity theory; the order of dismissal did not mention the other two theories. In doing so, Judge Reese adopted Judge Cutler's February 9, 1999 oral ruling.[3]

## III. *STANDARD OF REVIEW*

This appeal requires this court to review the superior court's grant of class certification, which is reviewed for abuse of discretion.[4]

## IV. *DISCUSSION*

There are three issues in this appeal and cross-appeal: (a) whether Forestry owed a duty of care to the plaintiff class; (b) whether Forestry is immune from the plaintiffs' claims under AS 09.50.250; and (c) whether the superior court abused its discretion by certifying the plaintiff class. The first two questions have already been resolved by our opinion in *Angnabooguk,*[5] and we will not revisit these issues here. In *Angnabooguk,* we held that Forestry owed the plaintiffs a duty of care,[6] and we reversed the dismissal of the plaintiffs' claims, because AS 09.50.250 does not immunize all claims of negligent firefighting alleged by the plaintiffs.[7] There-

---

1. 26 P.3d 447 (Alaska 2001).

2. *Id.* at 449–51.

3. *See id.* at 450–51.

4. *See State, Dep't of Revenue v. Andrade,* 23 P.3d 58, 65 (Alaska 2001).

5. 26 P.3d 447 (Alaska 2001).

6. *Id.* at 452–53.

7. *Id.* at 453–58.

fore, in this appeal we need only address the issue of whether the *Bartek* class was properly certified.

Class certification is governed by Alaska Civil Rule 23, which is patterned after Federal Rule of Civil Procedure 23.[8] For this reason, we have noted that federal decisions will be "especially persuasive" in interpreting Alaska Civil Rule 23.[9]

Forestry makes two general claims to support its argument that the superior court abused its discretion by certifying the plaintiff class: (1) the court should have held an evidentiary hearing and allowed discovery before granting certification; and (2) the requirements of Civil Rule 23 were not satisfied. These will be considered in turn.

A. *It Was Within the Superior Court's Discretion to Determine that No Evidentiary Hearing or Discovery Was Required Prior to Class Certification.*

■ Forestry claims that an evidentiary hearing, or an opportunity for discovery, should have been required before the superior court certified the class. Forestry made these claims below as well, but the superior court granted class certification without an evidentiary hearing or discovery on the class certification issue.

Forestry argues that because the superior court certified the class without permitting discovery or holding an evidentiary hearing, it failed to perform "the rigorous analysis the United States Supreme Court had in mind." However, no authority supports the proposition that discovery or an evidentiary hearing is always required. Some authorities stand for the proposition that discovery will *sometimes* be required, but only in particular circumstances where a "fuller development" of the record is needed or there is an insufficient basis for certification in the pleadings; however, those courts do not hold that discovery or an evidentiary hearing is required in every case.[10]

Similarly, the Eleventh Circuit requires an evidentiary hearing if there is any "doubt" about certification issues; however, this rule appears to have been applied only to benefit plaintiffs whose request for certification had

---

**8.** *See Nolan v. Sea Airmotive, Inc.,* 627 P.2d 1035, 1041 (Alaska 1981).

**9.** *Id.*

**10.** *See In re American Med. Sys., Inc.,* 75 F.3d 1069, 1079–86 (6th Cir.1996) ("[A finding that the requirements of federal Rule 23 are fulfilled] may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide.... The parties should be afforded an opportunity to present evidence on the maintainability of the class action."); *Chateau de Ville Prods., Inc. v. Tams Witmark Music Library, Inc.,* 586 F.2d 962, 966 (2d Cir.1978) (vacating certification because "the existing record [was] inadequate for resolving the relevant issues," and in such a case, "fuller development of the facts" was required and the parties should have been allowed to conduct discovery) (citation omitted); *Walker v. World Tire Corp.,* 563 F.2d 918, 921 (8th Cir.1977) ("The District Court must have before it sufficient material ... to determine the nature of the allegations, and rule on compliance with the Rule's requirements.... Securing this material does not always require a formal evidentiary hearing. Where, however, the pleadings themselves do not conclusively show whether the Rule 23 requirements are met, the parties must be afforded the opportunity to discover and present documentary evidence on the issue.") (internal quotation and citations omitted); *In re Visa Check/Mastermoney Antitrust Litigation,* 192 F.R.D. 68, 79 (E.D.N.Y.2000) ("In some cases, it may be possible to conduct the required inquiry by looking no further than the pleadings, but in other instances, the court may be required to probe behind the pleadings before coming to rest on the certification question. In some cases in the latter group, it will be necessary to conduct discovery to establish a sufficient evidentiary record from which to make the class determination.") (citations omitted); *Gross v. Medaphis Corp.,* 977 F.Supp. 1463, 1475 (N.D.Ga.1997) (summarily denying class certification as "premature" because no "class discovery" had been done); *Alexander v. FBI,* 971 F.Supp. 603, 612 (D.D.C.1997) (holding that discovery should be allowed to address specific factual problems with proposed class definition-specifically, to enable the class to be defined in a way that "separate[s] the noncommon issues"); *Warner v. Waste Management, Inc.,* 36 Ohio St.3d 91, 521 N.E.2d 1091, 1098 n. 9 (1988) (noting, in dicta: "We recognize a trial court is not required to hold an evidentiary hearing for all such cases. It is rare, however, that the pleadings in a class certification action will be so clear that a trial judge may find, by a preponderance of the evidence, that certification is or is not proper.") (citation omitted).

been denied without a hearing.[11]

And other jurisdictions have explicitly disavowed the evidentiary hearing requirement before class certification. As the Massachusetts Supreme Judicial Court noted:

The defendants suggest that the judge abused his discretion because he certified the class without holding an evidentiary hearing. Although it is within a judge's discretion to hold an evidentiary hearing, there is no such requirement. Here, the motion judge reviewed the pleadings, affidavits, briefs, and the earlier memorandum on summary judgment in light of the requirements of [R]ule 23. There is no indication that a reasoned decision on the motion for class certification required anything more.[12]

Other courts have similarly noted that a court may hold an evidentiary hearing if it concludes that one is needed, but that the matter is within the court's discretion.[13] An evidentiary hearing or discovery may not be needed because the plaintiffs may establish compliance with Rule 23 through the pleadings alone; however, the plaintiffs who choose this approach must establish a factual basis that satisfies all the requirements of Rule 23.[14]

Therefore, an evidentiary hearing or discovery is not *always* required before class certification; it is up to the trial court to determine whether there are factual disputes which should be resolved at an evidentiary hearing after discovery. It is within the discretion of the superior court to decide whether to hold an evidentiary hearing or permit discovery before granting class certification.

B. *The Superior Court May Wish to Reconsider Whether the Requirements of Rule 23 Are Met on Remand.*

■ Alaska Civil Rule 23 contains two sets of requirements for certification, in sections (a) and (b) of that rule. Rule 23(a) contains

**11.** In *Morrison v. Booth*, the Court of Appeals for the Eleventh Circuit noted that, under its own (Fifth and Eleventh Circuit) precedent, courts are "require[d] ... to conduct an evidentiary hearing on class certification when there is any doubt about the issue, even when counsel fails to move for such a hearing." 730 F.2d 642, 643 (11th Cir.1984). The court also noted that if clear grounds for denial of certification exist, then no evidentiary hearing is required. *See id.* at 644. *See also Satterwhite v. City of Greenville, Tex.*, 578 F.2d 987, 993 (5th Cir.1978) (noting that evidentiary hearing should have been held before class certification was denied); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. Unit A Oct.1981) ("[O]rdinarily an evidentiary hearing might be required if a request were made or if there were doubt as to the propriety of the [plaintiff's] representation.").

**12.** *Weld v. Glaxo Wellcome Inc.*, 434 Mass. 81, 746 N.E.2d 522, 527 (2001) (citations omitted).

**13.** *See In re Domestic Air Transp. Antitrust Litigation*, 137 F.R.D. 677, 682 n. 4 (N.D.Ga.1991) (noting that "Rule 23 does not mandate, or even suggest, that the Court conduct an evidentiary hearing on a motion for class certification"); *Ex parte First Nat'l Bank of Jasper*, 717 So.2d 342, 346 (Ala.1997) (declining to hold "that a precertification evidentiary hearing is required in every case—or even in most cases. As *Falcon* explained, the issues [may be] plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim.") (citing *Gen-*

*eral Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)); *State ex rel. Byrd v. Chadwick*, 956 S.W.2d 369, 380 (Mo.App.1997) (noting that "the court can hold [an evidentiary] hearing, but ... in its discretion it may resolve the issue [of class certification] based on briefs and affidavits, and other evidence submitted to it").

**14.** *See In re American Med. Sys., Inc.*, 75 F.3d at 1079–86 ("[A finding that the requirements of federal Rule 23 are fulfilled] may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide."); *Martin v. Shell Oil Co.*, 198 F.R.D. 580, 590 (D.Conn.2000) ("The court should accept the allegations in the complaint as true and not conduct a preliminary inquiry into the merits of the case. Still, plaintiffs bear the burden of establishing each requirement for class certification. In doing so, they cannot rely solely on the allegations of the complaint, but must provide sufficient information on which the court can make a determination.") (citations omitted); *In re Jackson Nat'l Life Ins. Co. Premium Litigation*, 193 F.R.D. 505, 508 (W.D.Mich.2000) (placing burden of proof on the party seeking class certification); *In re Visa Check/Mastermoney Antitrust Litigation*, 192 F.R.D. at 79 ("In some cases, it may be possible to conduct the required inquiry by looking no further than the pleadings, but in other instances, the court may be required to probe behind the pleadings before coming to rest on the certification question.").

four separate threshold requirements ("prerequisites"), all of which must be met:

> (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b) imposes additional requirements, which can be satisfied in any one of three ways under Rule 23(b)(1), (2), or (3). Under Rule 23(b)(3), considered by the superior court, the court must find that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." [15]

The superior court found that the *Bartek* class satisfied the requirements of Rule 23(a) and 23(b)(3). We need not review this ruling at this time, because at the time she granted the motion to dismiss, Judge Cutler indicated that she might be inclined to reconsider the issue of class certification:

> [I]f the court were not taking this action with the complaint right now, ... the court [would] probably sua sponte revisit the issue of class certification.... [M]aybe this case should be like one of those cases where ... 100 or 200 people around the state all join in challenging the new breath test for DWI or something. Maybe we should have large joinders ... maybe there shouldn't be a class certification.

Because we remand this case for further proceedings, we leave it to the superior court to reconsider the issue. It will be up to the trial court to determine whether further discovery or an evidentiary hearing is required.

We note that Forestry has raised some concerns that should be addressed in any reconsideration of class certification. According to Forestry, joinder of all who have claims is not impractical: The claims are relatively large, and those who have claims will have to be identified at some point in the litigation.[16] Further, the size of the claims ensures that individual claimants have an adequate incentive to pursue individual claims.[17] In addition, because the plaintiffs' injuries were sustained over the course of a two-week period, there is a possibility that individual issues of causation, damages, and comparative negligence may exist. Forestry has expressed doubt as to whether the class representatives have asserted claims that are "typical" of the class claims,[18] whether there

---

**15.** Alternatively, Rule 23(b) can be satisfied if either of the requirements of Rule 23(b)(1) or (2) is met:
> (1) The prosecution of separate actions by or against individual members of the class would create a risk of
> (A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> (B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
> (2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**16.** Amenability to jurisdiction should not be an issue. The alleged torts were committed in the state, and the potential claimants have minimum contacts with the state by reason of their interest in the local property that was damaged or destroyed.

**17.** These factors are relevant to the numerosity factor of Rule 23(a)(1) and the superiority factor of 23(b)(3).

**18.** *See* Alaska R. Civ. P. 23(a)(3); *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir.1997) ("Typicality ... requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (internal quotation omitted); *Weil v. Long Island Savings Bank, FSB*, 200 F.R.D. 164, 169 (E.D.N.Y.2001) ("[The typicality] requirement is satisfied if plaintiffs show that the representative plaintiff's claims are based on the same legal theory and arise from the same practice or course of conduct as the other class members.") (internal quotation omitted); *Weld v. Glaxo Wellcome Inc.*, 434 Mass. 81,

are no conflicts of interest between class members and class representatives,[19] and whether common issues predominate over individual issues.[20] We leave these to the superior court to address on remand.

## V. CONCLUSION

For the reasons stated above and in our opinion in *Angnabooguk*, we AFFIRM the denial of the first motion to dismiss, on Forestry's duty of care, and REVERSE the grant of the second motion to dismiss, on discretionary function immunity.[21] We REMAND the issue of class certification for further consideration by the superior court.

EASTAUGH and BRYNER, Justices, not participating.

746 N.E.2d 522, 528–29 (2001) ("Typicality is established when there is a sufficient relationship ... between the injury to the named plaintiff and the conduct affecting the class, and the claims of the named plaintiff and those of the class are based on the same legal theory.") (internal quotation omitted).

19. *See* Alaska R. Civ. P. 23(a)(4); *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir.2001) ("Adequate representation depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive.") (internal quotations omitted); *Hawker v. Consovoy*, 198 F.R.D. 619, 626 (D.N.J.2001) ("The following two-prong test determines whether representation has been adequate: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class.") (internal quotations omitted).

20. *See* Alaska R. Civ. P. 23(b)(3); *Local Joint Executive Bd.*, 244 F.3d at 1162 ("Rule 23(b)(3) focuses on the relationship between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis."); *Begley v. Academy Life Ins. Co.*, 200 F.R.D. 489, 496 (N.D.Ga.2001) ("The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. In order to determine whether common questions predominate, [the court is] called upon to examine the cause[s] of action asserted in the complaint on behalf of the putative class. To qualify as a Rule 23(b)(3) class action, the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.") (internal quotations and citations omitted).

21. Because we reverse the dismissal of the plaintiffs' claims, we need not consider the issue of whether the motion to dismiss should have been converted into an Alaska Civil Rule 56 motion for summary judgment, which is raised by the parties.