2016 OK CIV APP 39

**Danny and Kim AVENS, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**COTTON ELECTRIC COOPERATIVE, INC., an Oklahoma corporation, Defendant/Appellant,**

and

**Brotherhood Mutual Insurance Company; and American Farmers & Ranchers Mutual Insurance Company, f/k/a Oklahoma Farmers Union Mutual Insurance Company, Appellees.**

**Case No. 113,439**

Court of Civil Appeals of Oklahoma, DIVISION III.

Filed: 12/18/2015

Mandate Issued: 06/27/2016

Richard E. Hornbeek, Daniel E. Bryan, III, Lane M. Claussen, Hornbeek Vitali & Braun, P.L.L.C., Oklahoma City, Oklahoma, for Appellant,

David B. Donchin, Katherine T. Loy, Durbin, Larimore & Bialick, Oklahoma City, Oklahoma, for Appellees.

Opinion by Larry Joplin, Judge:

¶ 1 Defendant/Appellant Cotton Electric Cooperative, Inc., an Oklahoma corporation (CEC or Defendant), seeks review of the trial court's order denying its motion to assess attorney's fees and costs against Appellees Brotherhood Mutual Insurance Company (BMI) and American Farmers & Ranchers Mutual Insurance Company, f/k/a Oklahoma Farmers Union Mutual Insurance Company (AFR, or, collectively with BMI, Insurers), after entry of judgment on a jury's verdict for CEC in the class action prosecuted by Plaintiffs Danny and Kim Avens (Plaintiffs) to recover damages for injury to the class members' real property in a wild fire. In this appeal, CEC asserts that, as prevailing party on the Plaintiffs' class claim for injury to real property, it is entitled to an award of attorney's fees and costs under 12 O.S. § 940 against Insurers, real parties in interest, and the trial court erred as a matter of law and fact in holding otherwise.

¶ 2 On March 1, 2006, a wild fire burned more than 13,000 acres in Stephens County, Oklahoma. In 2007, six actions by insurers of property owners damaged in the fire, including Insurers, commenced subrogation actions against CEC.

¶ 3 In 2008, Plaintiffs commenced the instant class action for themselves and others similarly situated in Carter County District Court, and alleged CEC's negligence caused the fire. Plaintiffs were eventually named class representatives, the action was transferred to the trial court in Stephens County where the fire occurred and, in April 2012, the trial court certified a class composed of "all claimants who owned property in Oklahoma, and/or are residents of Oklahoma who suffered loss of personal property and/or real property resulting from the" fire on March 1, 2006.

¶ 4 Insurers cooperated in discovery, but paid none of the litigation expenses, and took no active part in the conduct of the litigation. Insurers did not pursue the subrogation action commenced prior to this class action,

and the trial court eventually dismissed the prior case for lack of prosecution.

¶ 5. Over three days in April 2014, Plaintiffs and CEC presented testimony and evidence to a jury. Upon deliberation, the jury returned a verdict for CEC. After judgment, Plaintiffs and CEC entered into a settlement agreement, by which Plaintiffs agreed not to appeal and CEC agreed not to seek an award of attorney's fees and costs against the class representative Plaintiffs.

¶ 6 As prevailing party under § 940, CEC thereafter filed an application for an award of more than $400,000.00 in attorney's fees and costs against Insurers as class members and real parties in interest. Insurers objected and argued that, inasmuch as they did not file the class action, did not instigate its filing, did not finance the litigation or pay any litigation expenses, did not control the litigation and did not participate in the litigation, there existed no authority to require them to pay any attorney's fees or costs of CEC.

¶ 7 After a hearing, the trial court denied CEC's application, finding no legal authority to impose an award of attorney's fees and costs against a mere insurer of a class member. CEC appeals.

■■■■ ¶ 8 Whether a prevailing party is entitled to an award of attorney's fees under § 940 constitutes "a question of law which we review *de novo*," and the appellate courts possess "plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings." *Finnell v. Seismic*, 2003 OK 35, ¶ 7, 67 P.3d 339, 342. (Footnotes omitted.) If a successful plaintiff is statutorily entitled to an award of attorney's fees, a successful defendant is likewise statutorily entitled to an award of attorney's fees. *See, Professional Credit Collections v. Smith*, 1997 OK 19, ¶ 14, 933 P.2d 307, 311.[1]

¶ 9 CEC is undoubtedly the prevailing party on the Plaintiffs' claims for damage to real property and, as the prevailing defendant under § 940, CEC would be statutorily entitled to an award of prevailing party attorney's fees against *the Plaintiffs* but for CEC's settlement agreement to forebear such a request. The unanswered question remains, however, whether CEC is entitled to an award of prevailing party attorney's fees against either *a member of the class represented by the Plaintiffs*, or *a mere insurer of a member of the class represented by the Plaintiffs*.

■■■■ ¶ 10 In this respect, the Oklahoma class action statute permits, but does not mandate, an "award of reasonable attorney fees and nontaxable costs that are authorized by law or by the parties' agreement." 12 O.S. Supp. 2013 § 2023(G)(1).[2] However, 2023 is otherwise silent on the issue of whether attorney's fees may be awarded for the successful defense of a class action. Section 2023 is nearly identical to Rule 23 of the Federal Rules of Civil Procedure, and we may look to federal decisions applying F.R.C.P. Rule 23 as instructive. *See, e.g., Dewey v. State ex rel. Oklahoma Firefighters Pension and Retirement System*, 2001 OK 40, 28 P.3d 539; *Shores v. First City Bank Corp.*, 1984 OK 67, 689 P.2d 299.

¶ 11 In this respect, class members "are almost never subject to counterclaims or cross-claims, or liability for fees or costs." *Phillips Petroleum Company v. Shutts*, 472 U.S. 797, 810, 105 S.Ct. 2965, 2974, 86 L.Ed.2d 628 (1985). More particularly:

[M]embers of the class other than plaintiffs, who do not request exclusion, are not parties and would not be liable for costs even though otherwise bound by the judgment, whether favorable or unfavorable. The conclusion that members of the class do not become "parties" appears implicit from Rule 23(a)(1), which provides that a class action may be maintained only when "the class is so numerous that joinder of all members is impracticable."

As further indication that Rule 23 does contemplate that absent class members are not "parties," reference is made to the provisions of Rule 23(d)(2), F.R.C.P., which

---

1. "A statute violates equal access to the courts when it treats—for attorney's fee purposes—the victorious plaintiff differently from a successful defendant."

2. "In a certified class action, the court *may* award reasonable attorney fees and nontaxable costs that are authorized by law or by the parties' agreement." (Emphasis added.)

specifically provides that the court may notify class members that they have the option to "appear" in the case as parties through counsel of their own selection. If class members were automatically deemed parties, all class actions would be converted into massive joinders. Such a result would emasculate Rule 23.

Upon reconsideration, this Court is of the opinion that members of the class who do not opt out and do not appear especially by counsel of their own selection are not "parties" to the action. Accordingly, they would not be liable for any costs or expenses assessed against the representative parties plaintiff.

*Lamb v. United Sec. Life Co.*, 59 F.R.D. 44, 48–49 (S.D. Iowa 1973).

¶ 12 In this respect, the 10th Circuit Court of Appeals has cited *Lamb* as expressing the correct rule for the assessment of costs under Oklahoma law. *In re Four Seasons Sec. Laws Litig.*, 525 F.2d 500, 504 (10th Cir. 1975). The Ninth Circuit Court of Appeals has also relied on *Lamb* to hold class members ordinarily bear no liability for fees or costs. *Wright v. Schock*, 742 F.2d 541, 545 (9th Cir. 1984).[3] Indeed, it appears commentators and the courts of other jurisdictions agree that class members are not liable for attorney's fees upon a judgment adverse to the class. *See, e.g., Turner v. Alaska Communications Sys. Long Distance, Inc.*, 78 P.3d 264, 266 (Alaska 2003).[4]

■ ¶ 13 We are persuaded these cases and authorities express the correct construction of Oklahoma's class action statute. We consequently hold, under the circumstances of this case, an award of attorney's fees against a class member, or a mere insurer of a class member, who has undertaken no participation in the litigation, is not proper upon a judgment adverse to the class. The trial court in the present case did not err in

denying CEC's motion to assess attorney's fees and costs against Insurers.

¶ 14 The order of the trial court is AFFIRMED.

MITCHELL, P.J., and
HETHERINGTON, C.J., concur.

---

3. "Absent class members have no obligation to pay attorneys' fees and litigation costs, except when they elect to accept the benefit of the litigation. *Lamb v. United Security Life Co.*, 59 F.R.D. 44, 48–49 (S.D.Iowa 1973); 2 Newberg on Class Actions § 2780 (1977)."

4. "It is well established that absent members of a class generally are not held liable for attorney's fees: 'An absent class member is not personally liable for litigation expenses or attorney's fees except insofar as there is a common fund recovery for the class.' " (Citing, 1 Herbert Newberg & Alba Conte, Newberg on Class Actions § 1.03, at 1–12 (3d ed.1992).)